United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America et al., ex rel. Mark McGuire et al., | |
| Plaintiff-Relator, | |
| v. | Civil Action Nos. 09-12209-NMG 12-10132-NMG |
| Millennium Laboratories, Inc., and Millennium Health, LLC, | 12-10631-NMG 12-12387-NMG 13-10825-NMG |
| Defendants. | |
| Mark McGuire, | |
| Cross-Claimant, | |
| v. | |
| Ryan Uehling, Omni Healthcare Inc., John Doe, the Estate of Robert Cunningham and Amadeo Pece, | |
| Cross-Defendants. | |

### MEMORANDUM & ORDER

**GORTON, J.**

A group of relators in this matter ask the Court to order the United States Department of Justice and the Attorney General for the State of New York to deposit funds they hold designated as the relator's fee in the settlement agreement into the Court Registry Investment System. The Court will deny that request.

In stipulating to the dismissal of the qui tam actions in this case, the relators excluded their intra-party claims for a portion of the award. That issue is currently pending on appeal to the First Circuit Court of Appeals (Case no. 17-1106). Accordingly, this Court must determine whether it has jurisdiction over the present matter. It concludes that it does.

Although an appeal generally transfers authority of the case from the trial court to the appellate court, jurisdiction may be shared for decisions on "peripheral or ancillary aspects of the case." U.S. v. Brooks, 145 F.3d 446, 456 (1st Cir. 1998). Whether the funds should be transferred to an interest bearing account is peripheral to the issues on appeal, which are whether Mark McGuire was the first-to-file relator and whether the first-to-file bar of the False Claims Act, 31 U.S.C. § 3729 et seq., is jurisdictional. Accordingly, this Court has jurisdiction to decide this motion.

> Paragraph 2 of the Settlement Agreement provides that
>
> As soon as feasible following (1) any payments of the Settlement Amount, (2) dismissal of the case under Paragraph 20, and (3) written notice to the United States of final resolution of all disputes among Relators concerning Relators' rights to receive all or part of an award pursuant to 31 U.S.C. § 3730(d) (whether by agreement, final non-appealable judicial order, or binding alternative dispute resolution), the United States agrees to pay by electronic funds transfer fifteen percent (15%) of any payments of the Federal Settlement Amount to the recipient(s) designated and agreed upon by Relators,

pursuant to written instruction provided by the Relators, or by a final non-appealable order by a court of competent jurisdiction.

Pursuant to Paragraph 2, the government, and not the Registry of this Court, is to hold the funds pending resolution of the dispute between the relators. Transferring funds to the Court Registry would be inconsistent with that provision. Paragraph 25 of the Settlement Agreement also provides that "[t]his Agreement may not be amended except by written consent of the Parties." Only five of the eleven necessary parties have provided written consent. Four relators object. The Court will not rewrite the unambiguous terms of the Agreement. Lexington Ins. Co. v. Gen. Accident Ins. Co. of Am., 338 F.3d 42, 50 (1st Cir. 2003).

The motion to order the government to transfer relator's fee into an interest bearing account in the registry of the court (Docket No. 253) is **DENIED**.

**So ordered.**

                                      /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated August 16, 2018