United States District Court
District of Massachusetts

|  |  |
|---|---|
| United States of America, *et al.*, *ex rel.* Mark McGuire *et al.*,<br><br>      Plaintiff-Relator,<br><br>      v.<br><br>Millennium Laboratories, Inc. *et al.*,<br><br>      Defendants.<br><br>Mark McGuire,<br><br>      Cross-Claimant,<br><br>      v.<br><br>The Estate of Robert Cunningham, *et al.*,<br><br>      Cross-Defendants. | Civil Action Nos.<br>09-12209-NMG<br>12-10132-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

Relator Mark McGuire ("McGuire") moves for entry of an order awarding him federal and state relator awards pursuant to the decision of the United States Court of Appeals for the First Circuit rendered on May 6, 2019, and its corresponding mandate issued on February 21, 2020. The Estate of Robert Cunningham

("Cunningham"), Ryan Uehling, and Omni Healthcare/Dr. Craig Deligdish (collectively "cross-defendants") oppose, arguing that the First Circuit did not decide as a matter of law that McGuire was entitled to the relator award and, as a result, cross-defendants are entitled to additional fact-finding on that issue.

On appeal from an order of this Court dismissing for lack of subject matter jurisdiction McGuire's crossclaim alleging that he was the first relator to file a complaint pursuant to the False Claims Act against Millennium Laboratories, Inc. and Millennium Health, LLC (collectively "defendants"), the First Circuit held

> for the first time in this circuit, that the first-to-file rule is not jurisdictional, reversing earlier circuit precedent . . .

The First Circuit further held that it had "jurisdiction over McGuire's crossclaim" and went on to

> describe the appropriate method for the first-to-file analysis and hold that McGuire was the first-to-file relator and that he has stated a claim that he is entitled to the relator's share of the settlement.

Accordingly, the First Circuit reversed and remanded for "further proceedings consistent with [its] opinion" and "directed [this Court] to act expeditiously in resolving all remaining matters."

The cross-defendants submit that the First Circuit did not definitively decide that McGuire was the first-to-file, but instead held only that McGuire stated a claim sufficient to survive Cunningham's motion to dismiss. That argument is contrary to the plain text of the First Circuit's opinion. In Part III, the First Circuit expressly stated that

> [r]ather than remand, [it would] address the first-to-file issue as a matter of law because it [was] fully briefed, because neither party suggest[ed] that the issue require[d] remand, and because the basic facts [were] uncontested.

The First Circuit further explained that the first-to-file issue requires an analysis of which complaint both was filed first and contains all "essential facts" of the fraud alleged. See, e.g., United States ex rel. Ven-A-Care of the Fla. Keys, Inc. v. Baxter Healthcare Corp., 772 F.3d 932, 938 (1st Cir. 2014). That test requires a side-by-side comparison of competing pleadings and nothing more. Id. The First Circuit conducted such a side-by-side analysis and concluded that Cunningham's allegations did not include the essential elements of the fraud alleged by McGuire and that the fraud pursued by the government was the fraud alleged by McGuire. For that reason, the First Circuit ultimately held that

> McGuire has established that he was the first to file a claim alleging the essential facts of Millennium's custom profile fraud and point-of-care cup kickback

>  scheme. He has also adequately pleaded that the
>  government's recovery from Millennium constitutes the
>  "proceeds of the . . . settlement of the claim[s]" he
>  brought. 19 31 U.S.C. § 3730(d)(1).

The First Circuit's opinion makes clear, as emphasized by McGuire, that the only issue left to be resolved on remand was whether the state or federal governments would object to the existence of an overlap between McGuire's allegations and the relevant settlement agreements. The deadline for such objections has now passed and, consequently, this Court sees no justification for further delay.

Consistent with the opinion of the First Circuit, relator Mark McGuire is the sole relator entitled to an award pursuant to 31 U.S.C. § 3730(d) and the False Claims Acts statutes of the states of California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, Wisconsin and the District of Columbia in connection with any settlements between and among the United States, the states identified above, and the defendants, including the Settlement Agreement dated

October 16, 2015 and the State Settlement Agreement dated October 19, 2015.

## ORDER

For the foregoing reasons, the motion of McGuire for entry of an order awarding federal and state relator awards to Mark McGuire (Docket No. 284) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 17, 2020